IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05-cv-78-GCM
3:93-cr-215-GCM-4

| | | |
|---|---|---|
| JERMAINE MAURICE PADGETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** comes before the Court on Petitioner's Rule 60(b) motion.

On October 25, 1994, Petitioner was convicted for several crimes related to his participation in a RICO conspiracy which included drug and firearm offenses. Petitioner was sentenced to concurrent terms of life imprisonment for seven of his RICO convictions, and two additional terms of life on the conspiracy and substantive convictions. In addition, Petitioner was sentenced to two concurrent 20-year terms of imprisonment for two remaining RICO convictions; a five-year term for a firearm conviction; and consecutive 20-year sentences for three additional firearm convictions. (3:93-cr-215, Doc. 133: Judgment in a Criminal Case). Petitioner filed an appeal to the United States Court of Appeals for the Fourth Circuit and his criminal judgment was affirmed in all respects. United States v. Padgett, No. 94-5799, 1996 U.S. App. LEXIS 4209 (4th Cir. filed Mar. 1, 1996) (unpublished).

On February 22, 2005, Petitioner filed a Section 2255 motion challenging his criminal judgment. This motion was denied by Order entered February 16, 2006. (3:05-cv-78, Doc. No. 9). Petitioner's appeal was dismissed by the Fourth Circuit on June 21, 2006. United States v.

1

Padgett, No. 6-6695 (4th Cir. filed June 21, 2006) (unpublished). (Doc. No. 17). On August 24, 2012, Petitioner returns to this Court in an effort to challenge his criminal judgment.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has provided no evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion, therefore this Court is without jurisdiction to consider the merits of this successive Section 2255 motion and it will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's Rule 60(b) Motion is **DISMISSED** as an unauthorized, successive Section 2255 motion. (Doc. No. 25).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: March 18, 2013

Graham C. Mullen
United States District Judge